Mitchell D. Schweitzer, J.
Defendants, the Commissioners of the Board of Elections of the City of New York, move, pursuant to CPLR 3211, for dismissal of the complaint for legal insufficiency.
In the complaint, plaintiff seeks $100,000 damages, based upon the defendants’ “ culpable negligence ”, and treble that amount, based upon defendants’ malice, in designating a church as a voting and registration place. Plaintiff asserts that such a designation and its impact upon him, as an adherent of a different religion, caused him to fail to register in a party of his choice during the registration period prior to the November, 1964 election. However, he did, according to his complaint, vote in that election, but claims that he was upset during that, period. He claims that the designation constituted a violation of the constitutionally mandated separation of church and State; a deprivation of his right to freely vote, unhampered by surrounding circumstances which affected his thinking and actions.
Plaintiff does not assert in his complaint, or specify in the papers submitted on this motion, the basis for the damages he claims he sustained. Inconsistency is revealed in his claim that the said designation of a church in effect prohibited his registration in a party, but did not prohibit his voting at the general election. Further, no basis apparently exists for his assertion that the defendants were guilty of culpable negligence or malice. Finally, and most compelling, is the fact that section 66 of the Election Law mentions churches as among those specific places *714 where registration and voting may be conducted (see, also, 11 Op. State Compt. [1955], 172).
While there may be, at least arguably, a basis for the claim of violation of the principle of separation of church and State, in defendants’ actions, the instant action does not appear couched in terms proper to raise the question. Even were this court to consider that matter, it, as a court of original jurisdiction, would not assume the unconstitutionality of the law attacked.
The motion is accordingly granted and the complaint dismissed.